**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1920
_____

KAREN BORN,
                                        Appellant

v.

THE ABERDEEN POLICE DEPARTMENT; THE TOWNSHIP OF ABERDEEN;
LT. POWERS (NOW CHIEF POWERS); SGT. DERECHAILO; DETECTIVE VACCARO;
DETECTIVE GEYER; OFFICER MAISANO; OFFICER YOUNG; OFFICER MARSH;
OFFICER MARY JOHNSON; OFFICER VALENTINO; OFFICER LASKO; OFFICER
HOUSEMAN; SGT. SOUSA; OFFICER CHEVALIER; SGT. HOURIHAN; OFFICER
GRIFFITH; UNNAMED OFFICERS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3:09-cv-01602)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2010

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 14. 2010)

_____

OPINION
_____

PER CURIAM

1

Karen Born, proceeding pro se, appeals from three orders issued by the District Court in the civil action she filed pursuant to 42 U.S.C. § 1983 against the Aberdeen Police Department, the Township of Aberdeen, and several Aberdeen police officers. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Born's complaint and the several amendments thereto raised a host of claims, including allegations that the defendants violated her Fourth and Fourteenth Amendment rights by stalking and harassing her, falsely arresting and maliciously prosecuting her, and retaliating against her for filing claims against them. She also raised state law claims for "slander and libel" and "constant emotional distress." The three orders at issue here, which the District Court entered on September 8, 2009, December 8, 2009, and March 9, 2010, respectively, collectively rejected – either via dismissal or on summary judgment – Born's constitutional claims. In doing so, the District Court concluded that those claims collectively failed for a variety of reasons. Some of the claims were barred by the applicable statute of limitations or the doctrine of qualified immunity, others failed on the merits (e.g., a lack of a causal connection between Born's filing of a claim and alleged acts of retaliation), and the claims against the Township of Aberdeen and the Aberdeen Police Department failed to allege a policy or custom of harassment or other wrongdoing. Having thoroughly considered the record and the parties' briefs, and for substantially the reasons given by the District Court in each of its three well-reasoned decisions, we agree with the court's resolution of Born's constitutional claims.

We write further here to address Born's state law claims. A district court may decline to exercise supplemental jurisdiction over a litigant's state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[W]here the claim over

which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added). When a district court declines to exercise supplemental jurisdiction over a state law claim, that claim is dismissed without prejudice. See Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 182 (3d Cir. 1999).

In this case, the District Court deferred ruling on Born's state law claims in both its September 8, 2009 order and its December 8, 2009 order. Although the court's March 9, 2010 order did not specifically address her state law claims, it is evident that this order covered those claims, for it dismissed "Plaintiff's Complaint and all amendments thereto," and closed the case. The question that remains is whether the court intended to dismiss Born's state law claims on the merits or simply decline to exercise supplemental jurisdiction over them. Given that the court had disposed of all of the claims over which it had original jurisdiction, and because the court did not provide a justification for exercising its supplemental jurisdiction, we can conclude only that the court intended to decline to exercise supplemental jurisdiction over Born's state law claims. We recognize that the court could have been more clear in disposing of these state law claims, and we will modify the court's March 9, 2010 order to emphasize that the dismissal of these claims is *without* prejudice.

In light of the above, we will affirm the District Court's orders entered on September 8, 2009, and December 8, 2009, respectively, and affirm the March 9, 2010 order as modified.